———o ⊙ o———

## WINCHESTER *v.* AYRES.

Where the record shows that any other person than the judge *de-jure* decided the cause in the district court, the judgment should be reversed.

Section 1797 of the Code unconstitutional so far as it authorizes any person —not in reality a district judge—to act in that capacity with all the powers of the court.

### *Appeal from Polk District Court.*

*Opinion by* KINNEY, J. The record in this case discloses the fact that Joseph E. Jewett, Esq., was selected by the parties to try the cause. That he acted as judge, and as such, signed the bill of exceptions.

It has been repeatedly decided by this court that parties could not substitute a person in the place of the regularly elected and qualified judge of the district. It matters not that it is by consent, and that no objection is made in this court. We can recognize no one as judicial officer except such as are so by law; no transcript purporting to emanate from the district court is received, unless it appears that the judge was presiding, and no judgment is valid except it be rendered by the court. But it is said that § 1797 of the Code authorizes the parties by the consent of the court to select any person to act as judge for the trial of a particular case. True the Code so provides. But the

section is clearly unconstitutional. The constitution points out the manner in which district judges shall be elected and qualified. The legislature has no power to authorize a district judge to place his judicial robe upon the shoulders of any man. If he can do it in a particular case, he can do it in *each* particular case by consent of parties; fold his arms and smile complacently upon his self constituted court.

The legislature may have intended this substitution for the convenience of parties, in case the judge was interested, or had been of counsel, presuming that the court would not permit the record to exhibit any change. The record of the court being absolute verity, unimpeachable, if it appeared that the judge presided in the trial of the cause, although in point of fact, the bench was occupied by a stranger, yet that could not be shown *aliunde,* and the judgment would be valid.

But when the substitution appears of record, the trial is void, the judgment mere waste paper, and all proceedings under it a nullity.

Judgment reversed.

*C. Bates,* for appellant.

*Casady* and *Tidrick,* for appellee.